UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK L. MORRIS,

      Plaintiff,

v.

JOE McGRATH, warden; et al.,

      Defendants.

No. C 04-3142 SI (pr)

**ORDER**

Jack L. Morris, a prisoner at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. This order addresses miscellaneous matters in this action.

A.   Service Of Process Problems

Plaintiff filed a "motion to facilitate identification and joinder of defendants." The motion is DENIED as moot. (Docket # 35.) The motion, written on November 22, 2005, apparently crossed in the mail with the court's November 16, 2005 order that addressed, among other things, the problem of the unserved defendants.

The court's November 16, 2005 order directed plaintiff to provide current addresses for unserved defendants Dr. Rowe, Phil and MTA Capps no later than January 20, 2006. Plaintiff provided an address for defendant Linda Rowe and identified two hospitals at which defendant Phil, now identified as Dr. P. Allway, might be served. The Marshal will attempt to serve Linda Rowe at 4420 St. Francis Avenue, Dallas, Texas 75227. The Marshal will attempt to serve Dr. Allway at St. Joseph Hospital at 2700 Dolbeer Street, Eureka, CA 95501 and at Mad River

1 Community Hospital at 3800 Janes Road, Arcata, CA 95521. Plaintiff did not provide a new
2 address at which MTA Capps could be served. Although he now identifies Capps as a nurse
3 rather than an MTA, service has already been attempted without success at Pelican Bay and will
4 not be attempted again at the same address by the Marshal. Defendant Capps is dismissed
5 without prejudice.

B.   <u>Discovery And The Motion To Dismiss</u>

Defendants have moved for a stay of discovery pending a decision on their motion to dismiss the action for failure to exhaust administrative remedies. Defendants have explained that the issues raised in the motion to dismiss are not related to the discovery requests now outstanding. The court GRANTS the motion for a stay of discovery. (Docket # 48.) Discovery is STAYED until the court rules on defendants' motion to dismiss.

Rather than deciding the motion to dismiss at this time, the court intends to wait for a decision from the Supreme Court, which recently heard arguments in another PLRA exhaustion case from the Ninth Circuit, <u>see</u> <u>Ngo v. Woodford</u>, 403 F.3d 620, 631 (9th Cir. 2005). The wait will not be a long one because the <u>Ngo</u> decision should be announced before the Supreme Court's current term ends, which should be in June or July 2006. The issue in <u>Ngo</u> concerned the effect of the rejection of an inmate appeal for untimeliness. Although Morris' inmate appeal had a slightly different procedural problem (i.e., the alleged failure of prison officials to process the inmate appeal within the time limits), the Supreme Court's decision in <u>Ngo</u> may provide valuable guidance to resolving defendants' motion to dismiss in this action.

Finally, in light of the stay of discovery, plaintiff's motion to compel will be DISMISSED without prejudice to him filing a new motion to compel if and when the discovery stay is lifted. (Docket # 36.)   Plaintiff is reminded that he must meet-and-confer on <u>all</u> discovery disputes before he files a motion to compel. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. <u>See</u> Fed. R. Civ. P. 5(d) (listing discovery requests and

responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

C.  Scheduling and Directions To U.S. Marshal

1. The clerk shall issue summonses and the Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, a copy of the supplemental pleading, a copy of the second supplemental pleading, a copy of this order, and a copy of all the other orders in the case file upon the following two defendants. (Service of process on Dr. P. Allway shall be attempted at both of the addresses listed below):

    a.    Dr. Linda Rowe
           4420 St. Francis Avenue
           Dallas, Texas 75227

    b.    Dr. P. Allway (podiatrist)
           St. Joseph Hospital
           2700 Dolbeer Street
           Eureka, CA  95501

           AND

           Dr. P. Allway (podiatrist)
           Mad River Community Hospital
           3800 Janes Road
           Arcata, CA  95521

2. Defendants Rowe and Allway shall file an appearance in this action no later than **June 9, 2006**.

3. Defendant Capps is dismissed without prejudice to plaintiff filing a new action against him/her if he ever locates Capps.

4. Discovery is now stayed until further order of the court. This stay of discovery means that the parties need not respond to any outstanding discovery requests, may not propound any new discovery requests, and may not file a motion to compel.

IT IS SO ORDERED.

Dated: March 31, 2006

                                              _____
                                              SUSAN ILLSTON
                                              United States District Judge